IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| MILTON THOMAS TREMBLE, JR., NATASHA WATSON, Individually and on behalf of her minor child Ta'Nya Watson. | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 106-192 |
| LIBERTY MUTUAL INSURANCE COMPANY, | * * * * | |
| Defendant, Third-Party Plaintiff, | * * * | |
| v. | * * | |
| METAL TRANSPORTATION SYSTEMS, INC., | * * * | |
| Third-Party Defendant. | * | |

**O R D E R**

Plaintiffs filed suit in the Superior Court of Columbia County, Georgia. Subsequently, Defendant removed the suit to this Court based upon diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. In addition, Defendant filed a Counterclaim for Declaratory Judgment against Plaintiffs (doc. No. 6) and a third party complaint against Metal Transportation Systems, Inc. (doc. no. 11). Before the Court is Plaintiffs' Motion to Strike, Motion for Judgment on the Pleadings or in the

1

alternative Motion to Remand. (Doc. No. 12.) Plaintiffs' motion to remand is **DENIED,** and the Court **DEFERS** ruling on the other motions for the reasons stated below.

## I. BACKGROUND

Liberty Mutual Insurance Company ("Liberty") is an insurance company organized as a corporation existing under the laws of the state of Massachusetts. Liberty has its principal place of business in Boston, Massachusetts and is authorized to do business in the states of Georgia and New York.

Metal Transportation Systems, Inc. ("MTS"), a long distance trucking company, is incorporated in the state of New Jersey. MTS has its principal place of business in the state of New York. Liberty issued an insurance policy to MTS pursuant to the "New York Automobile Insurance Plan for Assigned Risks," hereinafter referred to as the MTS policy. The proposed effective date of the policy was May 13, 2004 through May 13, 2005. An Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980, commonly known as an MCS-90 Endorsement, was attached to the policy on June 7, 2004.

Plaintiffs contend that on or about October 1, 2004, they were involved in a vehicle accident with a tractor-trailer

owned by MTS. In connection with this accident, on September 20, 2006, Plaintiffs obtained a default judgment against MTS in the Superior Court of Jenkins County, Georgia. (CV 1J06CV057W.) The judgment was entered in the amount of $196,645, plus interest at the legal rate of 11.25% per annum. (Pls.' Ex. A.)

In their complaint brought in state court, Plaintiffs contend they are third party beneficiaries under the MCS-90 Endorsement attached to the MTS policy.[1] Thus, according to Plaintiffs, they are entitled to collect the amount of the judgment from Liberty.

According to Liberty, the MTS policy, including the MCS-90 Endorsement, was not in effect at the time of the accident on October 1, 2004. Liberty claims MTS failed to satisfy a condition precedent under the policy. Namely, Liberty claims MTS failed to obtain a legal registration for the tractor-trailer involved in the accident by a New York Motor Vehicle Issuing Office.[2] According to the police report and the photographs provided by Plaintiffs, MTS's vehicle involved in the accident was registered in New Jersey. Plaintiffs claim

---

[1] Plaintiffs cite O.C.G.A. § 9-2-20 to support their assertion.

[2] As a condition precedent to the insurance policy becoming effective, and in accordance with the New York Automobile Insurance Plan, the policy provides:
> [T]his policy will not be effective prior to the issuance of a legal registration for the vehicle or vehicles described herein, by a New York Motor Vehicle Issuing Office or as designated by the New York Automobile Insurance Plan in accordance with the rules of the Plan.

3

the MCS-90 endorsement is valid regardless of the condition precedent concerning the underlying policy.

Of note, in the Superior Court of Jenkins County, MTS has moved to set aside the judgment of $196,645 on grounds including lack of jurisdiction, improper service, and the bankruptcy automatic stay provisions.[3]

## II. MOTION TO REMAND

A defendant in a case originally filed in state court may remove the case to federal district court if the district court could have exercised original jurisdiction in the case. 28 U.S.C. § 1441(a). Liberty claims this Court has jurisdiction of this case because it could have exercised original jurisdiction under the diversity of citizenship provision, 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

For purposes of establishing diversity jurisdiction, "[a] corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business . . . . " 28 U.S.C. §

---

[3] The Superior Court was scheduled to hear the motion to set aside on February 12, 2007.

4

1332(c)(1). The party seeking diversity in the case of a corporation "must allege the corporation's state of incorporation and principal place of business." See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (finding the party that removes an action bears the burden of proving federal jurisdiction exists).

In the instant case, Plaintiffs' complaint fails to set forth with specificity Liberty's citizenship.[4] However, Liberty states in its Notice of Removal that it is "a corporation organized and existing under the laws of the State of Massachusetts, maintaining its principal office and principal place of business in Boston, Massachusetts." (Notice of Removal at ¶ 3.) On its face, this statement is sufficient to comply with the minimum requirements of 28 U.S.C. §§ 1332 and 1446. It alleges both the place of incorporation and the principal place of business for Liberty, which Plaintiffs fail to rebut. Furthermore, Plaintiffs' complaint sets forth their citizenship as residents of Georgia. (Compl. ¶ 1.) Finally, because the underlying judgment supporting this cause of action is for $196,645, the amount is controversy exceeds $75,000.[5] Therefore, both tests for diversity jurisdiction

---

[4] Plaintiff's complaint states that Liberty is a "foreign corporation authorized to transact business within the state of Georgia, has an agent and place of business located at . . . . Columbia County Georgia." (Compl. ¶ 2.)

[5] Despite the motion to set aside pending in Jenkins County Superior Court, the parties do not dispute the amount in controversy as it relates to jurisdiction.

have been met, and removal was proper.

Plaintiffs assert that Liberty has an agent and office for the transaction of business in the state of Georgia; thus diversity is lacking. However, having a registered agent in a state has little bearing on the existence of subject matter jurisdiction. The location of a registered agent would only be considered for diversity jurisdiction purposes if the principal place of business had to be determined by looking at the "total activities" of the corporation. Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). Here, Liberty's undisputed principal place of business is in Massachusetts.[6] Moreover, "the mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction." Jim Walter Investors v. Empire-Madison, Inc., 401 F. Supp. 425, 426-27 (N.D. Ga. 1975), Barnett v. Norfolk & Dedham Mut. Fire Ins. Co., 773 F. Supp. 1529, 1531 (N.D. Ga. 1991). While it is true that a corporation may be incorporated in more than one state and becomes a citizen of every state in which it is incorporated, Plaintiffs do not allege that Liberty is incorporated in Georgia.

---

[6] A corporation can only have one principal place of business, J. A. Olson Co. v. City of Winona, 818 F.2d 401, 406 (5th Cir. 1987), as determined by examining the "total activity" of the corporation, Vareka Invs., N.V. v. Am. Inv. Properties, Inc., 724 F.2d 907, 910 (11th Cir. 1984).

Finally, Plaintiffs claim the provisional language of the MCS-90, providing that the "judgment creditor may maintain an action in any court of competent jurisdiction," enables them to avoid removal. Plaintiffs fail to cite any supporting authority, and their argument is unavailing. Put simply, there is no language in the contract which precludes Liberty from removing the case. This Court is unable to read into a contract provisions which simply are not there. See Southwest E & T Suppliers v. American Enka Corporation, 463 F.2d 1165, 1166 (5th Cir. 1972) ("Courts cannot read into a [settlement] contract that which is not there"). In short, this provision, standing alone, does not preclude Liberty from removing the case.

### III. REMAINING MOTIONS

MTS has moved the trial court in the Superior Court of Jenkins County to set aside the default judgment entered on September 20, 2006. Thus, it would be premature to rule on Plaintiffs' remaining motions at this time. As a result, **IT IS ORDERED** that this matter be stayed pending resolution of MTS's motion. The parties are directed to notify this Court of the Superior Court's ruling on the motion to set aside within seven (7) days of this order or of the motion's resolution, whichever is later.

**IV. CONCLUSION**

Upon the foregoing, Plaintiffs' motion to remand (doc. no. 12) is **DENIED**. The Court **DEFERS** ruling on Plaintiffs' remaining motions. This case is **STAYED** until further order of the Court. **IT IS HEREBY ORDERED** that the captioned case is **CLOSED** for all purposes of statistical reporting.

**ORDER ENTERED** at Augusta, Georgia, this **30** day of May, 2007.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE